UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 08-762(DSD/SRN)

Dingxi Longhai Dairy, Ltd.,
a China Company incorporated
in the Province of Gansu, China,

      Plaintiff,

v.                                        **ORDER**

Becwood Technology Group, L.L.C.,
a U.S. Company incorporated in
The State of Minnesota, USA,

      Defendant.

      Delin Qu, Esq., Qu Law Offices, 821 Raymond Avenue, Suite 240, St. Paul, MN 55114, counsel for plaintiff.

      Jason A. Lien, Esq. and Maslon, Edelman, Borman & Brand, 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court on defendant's motion for partial dismissal. Based upon a review of the file and record, the proceedings herein, and for the following reasons, the court grants defendant's motion.

**BACKGROUND**

This matter arises out of a February 27, 2007, contract between defendant Becwood Technology Group, LLC ("Becwood") and plaintiff Dingxi Longhai Dairy, Ltd. ("Dingxi"). Under the terms of the contract, Dingxi, a Chinese supplier, agreed to ship 612 metric tons of organic kosher Inulin to Becwood, a Minnesota-based

distributer. Dingxi shipped the Inulin in four separate shipments. Becwood received shipments 1 and 2 and paid for shipment 1 in full, but after determining that the shipments were nonconforming, Becwood informed Dingxi that it was rejecting the shipments because they were contaminated with mold. Dingxi responded by recalling shipments 3 and 4 before they reached their destination port.

On March 18, 2008, Dingxi filed this action against Becwood alleging breach of contract and misrepresentation. In its breach of contract claim, Dingxi seeks to recover the full price for shipments 2, 3 and 4 with interest and attorneys' fees. On April 15, 2008, Becwood moved for partial dismissal of the breach of contract claim as to shipments 3 and 4 and complete dismissal of the misrepresentation claim.

## DISCUSSION

### I. Breach of Contract

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement does not require detailed factual allegations so long as it "give[s] the defendant fair notice of what the ... claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). However, a court will dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a

claim upon which relief can be granted if, after taking all facts alleged in the complaint as true, those facts fail "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

The parties agree that Dingxi's contract claim is governed by the United Nations Convention on Contracts for the Sale of International Goods ("CISG").[1]  Under CISG, a plaintiff must plead the traditional four elements of a breach of contract claim: formation, performance, breach and damages.  See Magellan Int'l Corp. v. Salzgitter Handel GmbH, 76 F.2d 919, 924 (N.D. Ill. 1999).

Becwood argues for dismissal of Dingxi's claim as related to shipments 3 and 4 because Dingxi cannot show damages.  Pursuant to CISG article 73(2), in the case of a contract for delivery of goods by installments, if one party's "failure to perform any of his obligations in respect of any instalment gives the other party grounds to conclude that a fundamental breach of contract will occur with respect to future instalments, he may declare the contract avoided for the future, provided that he does so within a reasonable time."  After receiving the allegedly contaminated goods, Becwood invoked article 73 to avoid the contract on the remaining shipments.  Shipment 2 arrived as scheduled, but Dingxi

---

[1] The CISG is a self-executing agreement between the United States and other signatories, including China, that applies "to contracts of sale of goods between parties whose places of business are in different States ... when the States are Contracting States."  CISG art. 1, Apr. 11, 1980, 1489 U.N.T.S. 3.

recalled shipments 3 and 4 before they arrived at their destination. Dingxi argues that CISG article 74 governs the amount of damages it can recover on shipments 3 and 4.

Article 74 details the measure of damages for a breach of contract governed by CISG.[2]  Damages that follow avoidance, however, are governed by CISG article 76, which provides:

> If the contract is avoided and there is a current price for the goods, the party claiming damages may, if he has not made a purchase or resale under article 75, recover the difference between the price fixed by the contract and the current price at the time of avoidance as well as any further damages recoverable under article 74.

Becwood avoided the contract as to shipments 3 and 4 by promptly notifying Dingxi, and Dingxi acknowledged the avoidance by retaining possession of the shipments.  Accordingly, Dingxi's recovery is governed by CISG article 76 - not article 74 - and is limited to the difference between the current price of the goods and the price fixed by its contract with Becwood.  Pursuant to article 76, the current price is "the price prevailing at the place where delivery of the goods should have been made . . . or the

---

[2]  CISG article 74 states:
Damages for breach of contract by one party consist of a sum equal to the loss, including loss of profit, suffered by the other party as a consequence of the breach.  Such damages may not exceed the loss which the party in breach foresaw or ought to have foreseen at the time of the conclusion of the contract, in light of the facts and matters of which he then knew or ought to have known, as a possible consequence of the breach of contract.

price at such other place as serves as a reasonable substitute."
Dingxi has alleged no difference between the current market price
and the contract price for the goods.  Therefore, Dingxi has failed
to assert cognizable damages on shipments 3 and 4, and the court
grants Becwood's motion to dismiss as to those shipments.

**II.  Fraud**

Under Rule 9(b), "the circumstances constituting fraud ...
shall be stated with particularity."  This particularity
requirement "demands a higher degree of notice than that required
for other claims," and "is intended to enable the defendant to
respond specifically and quickly to the potentially damaging
allegations."  United States ex rel. Costner v. URS Consultants,
Inc., 317 F.3d 883, 888 (8th Cir. 2003) (citing Abels v. Farmers
Commodities Corp., 259 F.3d 910, 920-21 (8th Cir. 2001)).  To
satisfy the particularity requirement of Rule 9(b), the complaint
"must plead such facts as the time, place, and content of the
defendant's false representations, as well as the details of the
defendant's fraudulent acts, including when the acts occurred, who
engaged in them, and what was obtained as a result."  United States
ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th
Cir. 2006).  In other words, the complaint must identify the "who,

what, where, when, and how" of the alleged fraud.  Costner, 317 F.3d at 888 (citing Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550 (8th cir. 1997)).

To establish fraudulent misrepresentation in Minnesota, a plaintiff must demonstrate that:

> (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffered pecuniary damage as a result of the reliance.

Hoyt Props., Inc. v. Prod. Res. Group, L.L.C., 736 N.W.2d 313, 318 (Minn. 2007) (citing Specialized Tours, Inc. v. Hagen, 392 N.W.2d 520, 532 (Minn. 1986)).

Dingxi argues that Becwood committed fraud by promising to pay for all four shipments but failing to do so.  Dingxi's allegation of fraud, however, relates to a future event - the promise of payments to be paid - and not a "past or existing material fact." More important, Dingxi has made no showing of Becwood's knowledge of the statements' falsity at the time they were made or intent to induce reliance.  Accordingly, Dingxi has failed plead the essential elements of fraud, and in turn has not satisfied the particularity requirements of Rule 9(b).  For these reasons, the court grants Becwood's motion to dismiss Dingxi's fraud claim.

**CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that Becwood's motion for partial dismissal [Doc. No. 4] is granted.

Dated:  July 1, 2008

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court