

# HILL RIVKINS & HAYDEN LLP

45 Broadway, Suite 1500, New York, NY 10006-3739
Tel: 212 669-0600    Fax: 212 669-0698/0699
e-mail: thefirm@hillrivkins.com
Website: www.hillrivkins.com

August 10, 2009

*Via Email and ECF*

Hon. David S. Doty, USDJ
United States District Court
District of Minnesota
300 South 4th Street
Minneapolis, MN 55415

Re:     *Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Group LLC*
        Civ. Action No. 08-CV-762 (DSD/SRN)
        Our Ref: 29968-AJP/JMH

Dear Judge Doty:

  We represent plaintiff Dingxi Longhai Dairy, Ltd. in the above-captioned matter and are writing in response to Becwood Technology Group LLC's letter, dated Aug. 4, 2009, requesting that the Court summarily deny Longhai's cross-motion for reconsideration. To the extent necessary, Longhai hereby seeks the Court's permission to file a Rule 54(b) motion *nunc pro tunc* and opposes Becwood's request.

  It first bears noting that Becwood commenced the present motion practice on June 2, 2009 by giving notice of a July 17 hearing on a motion for entry of final judgment. Longhai only *cross-moved* for reconsideration on June 24, after which the parties filed amended notices to reschedule the hearing for September 18. Thus, Longhai's arguments could have been heard over three weeks ago, so Becwood's present request is untimely. Moreover, the Local Rules neither require a written request where the motion to reconsider is made by way of cross-motion to another dispositive motion, nor do they establish a time for such a request.

  Second, Becwood's request will not save it the expense of preparing a formal brief, as Longhai will file a Rule 59 post-judgment motion as a matter of right based on the same arguments if its cross-motion is summarily dismissed. As clearly stated by the Court of Appeals, a district's local rules do not impair such a right. *See Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 857 (8th Cir. 2008); *DuBose v. Kelly*, 187 F.3d 999,

---

NEW JERSEY
102 South Broadway
South Amboy, NJ 08879-1708
Tel: 732 838-0300  Fax: 732 316-2365
e-mail: thefirm@hillrivkins.com

TEXAS
712 Main Street, Suite 1515
Houston, TX 77002-3209
Tel: 713 222-1515  Fax: 713 222-1359
e-mail: thefirm@hillrivkins.com

CALIFORNIA
Hill Rivkins/Brown & Associates
11140 Fair Oaks Boulevard, Suite 100
Fair Oaks, CA 95628-5126
Tel: 916 535-0263  Fax: 916 535-0268
e-mail: thefirm@brnlaw.com

Hon. David S. Doty, USDJ
USDC – D. Minn.
Aug. 10, 2009
<u>Page Two</u>

1002 (8th Cir. 1999)(specifically addressing D. Minn. Local Rule 7.1(g)). Likewise, Longhai has not waived any right to appeal the dismissal of its claims to the Eight Circuit.

Third, while Becwood correctly notes that all claims in the related New York action have been voluntarily dismissed, the Defendant fails to appreciate that another related action is pending in this District—one which concerns the very subject matter of the claims dismissed by the Court. It is therefore critical for the Court to reconsider its July 1, 2008 Order at this juncture since discovery in both cases is moving forward and any delayed reinstatement would cause multiple parties to incur additional costs in revisiting discovery. It is undeniable that discovery could now be consolidated and handled in an efficient manner. Moreover, any delay would likely require Chinese witnesses to appear in the U.S. on multiple occasions at great expense.

Fourth, Longhai questions why Becwood has not yet begun to prepare a response to Longhai's arguments and only now asks the Court to insulate its idle position after Longhai has expended consider time responding to Becwood's withdrawn motion. As argued in Longhai's June 24, 2008 Memorandum of Law, *res judicata* is not a primary concern for the Court in deciding a Rule 54 motion for entry of final judgment. Longhai therefore suspects that, notwithstanding the dismissal of claims in New York, Becwood's withdrawal was meant to rule out the possibility of Longhai filing a Rule 59 motion as a matter of right in response to a Rule 54 certification on the dismissed claims in the case.

Finally, the arguments made by Longhai in support of its cross-motion have not been affected by the developments in New York. Longhai accordingly submits that reconsideration of the July 1, 2008 Order is warranted on account of (a) manifest errors of law in the Court's interpretation of the UN Convention on Contracts for the International Sale of Goods; and (b) newly discovered evidence. Longhai asserts that both grounds amount to compelling circumstances under Local Rule 7.1(g).

We thank the Court for its consideration of the foregoing and stand by ready to answer any questions the Court may have with respect thereto.



Hon. David S. Doty, USDJ
USDC – D. Minn.
Aug. 10, 2009
<u>Page Three</u>

                                    Respectfully submitted,

                          HILL RIVKINS & HAYDEN LLP

                                    Anthony J. Pruzinsky

Cc:    Jason A. Lien, Esq. (Jason.lien@maslon.com)

AJP/JMH
29968\082 Doty ltr

